UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RANDALL CARL WALLACE,
Plaintiff-Appellant,

v.

MICHAEL H. HOLLAND, Trustee;
DONALD E. PIERCE, JR., Trustee;

No. 98-1350

ELLIOT A. SEGAL, Trustee; JOSEPH J.
STAHL, III, Trustee; UNITED MINE
WORKERS OF AMERICA HEALTH AND
RETIREMENT FUNDS,
Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Joseph Robert Goodwin, District Judge.
(CA-97-94-5)

Submitted: November 10, 1998

Decided: December 4, 1998

Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

S. F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West
Virginia, for Appellant. Glenda S. Finch, Deputy General Counsel,
Matilda A. Brodnax, Assistant General Counsel, UMWA HEALTH
AND RETIREMENT FUNDS, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Randall Carl Wallace was injured in a mining accident on November 2, 1992, which was diagnosed as a contusion to his left thigh and a mild sprain to his left knee. His doctor released Wallace to return to work on November 30, 1992; Wallace, however, was laid off November 28, 1992, prior to returning to work. Wallace first was diagnosed with depression, anxiety and related disorders in March 1994 by a psychologist and has since undergone evaluation and treatment by other health care providers for these problems. Based upon this medical evidence, Wallace was found disabled and qualified for Social Security benefits beginning on December 13, 1993, due to affective and anxiety disorders. Wallace then applied to the United Mine Workers of America 1974 Pension Plan ("Plan") for a disability pension, which was denied. Wallace filed an action in the district court against the Trustees of the Plan seeking benefits. The district court found the action was governed by the Employee Retirement Income Security Act (ERISA), see 29 U.S.C.A.§§ 1001-1461 (West 1985 & Supp. 1998), and granted the Plan's motion for summary judgment, upholding its denial of benefits. For the reasons that follow, we affirm.

We review de novo a district court's decision to grant summary judgment. See Smith v. Virginia Commonwealth Univ., 84 F.3d 672, 675 (4th Cir. 1996) (en banc). Traditionally, district courts upheld pension plan eligibility decisions of trustees if they were supported by substantial evidence and were not arbitrary and capricious. See DeNobel v. Vitro Corp., 885 F.2d 1180, 1184-85 (4th Cir. 1989). The United States Supreme Court has held, however, that review of plan trustees' decisions should be reviewed de novo unless the benefit plan grants the plan administrators or fiduciaries discretionary authority to determine eligibility for benefits, see Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), in which case the decision is

2

reviewed for an abuse of discretion only.* See Boyd v. Trustees UMWA Health & Retirement Funds, 873 F.2d 57, 59 (4th Cir. 1989). We have held that the instant Plan confers "full and final" authority on the Trustees to determine eligibility for benefits, see Lockhart v. UMWA 1974 Pension Trust, 5 F.3d 74, 77 (4th Cir. 1993), and thus, we review the decision of the Trustees for an abuse of discretion. See id.

In an ERISA action the award of any benefits is governed by the Plan itself. See id. at 78. The Plan provides, in pertinent part, that:

> Any Participant who (a) has less than 10 years of signatory service prior to retirement and (b) becomes totally disabled as a result of a mine accident . . . shall, upon retirement . . . be eligible for a pension while so disabled. A participant shall be considered totally disabled only if by reason of such accident such Participant is subsequently determined to be eligible for Social Security Disability Insurance Benefits under Title II of the Social Security Act or its successor.

See Plan, Art. II, Pt. D. (S.J.A. at p. 2). We have interpreted "as a result of a mine accident" to mean that the total disability must have been:

> proximately caused by the mine accident. That is, if the plaintiff was injured in a mine accident and that injury, whether in combination with a previous or subsequent condition, is substantially responsible for plaintiff's inability to perform his job and for whatever medical and vocational reasons he is unable to perform an alternative job, then his total disability results from a mine accident.

_____

*It is unclear whether the Bruch abuse of discretion standard is synonymous with the pre-Bruch arbitrary and capricious standard used in the Fourth Circuit. However, a decision which was arbitrary and capricious under pre-Bruch standards would be an abuse of discretion under the Bruch test. See Richards v. Health & UMWA Retirement Funds, 895 F.2d 133, 135-36 (4th Cir. 1990).

3

Boyd, 873 F.2d at 59 (citation omitted).

Wallace's medical records reveal that his affective and anxiety disorders were adversely affected by his unemployment, abuse as a child, his mother's illness, and other similar problems. The record, however, does not reveal a causal connection between Wallace's relatively minor thigh and knee injury in November 1992 and his ultimate finding of disability on mental grounds, beginning in December 1993, e.g. that the injury is "substantially responsible for plaintiff's inability to perform his job." Id. Thus, we affirm the Trustees' decision denying Wallace benefits under the Plan. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4